THE STATE EX REL. TULLIS, APPELLANT, *v.* CITY ASPHALT & PAVING COMPANY; INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Tullis v. City Asphalt
& Paving Co.* (1997), 80 Ohio St.3d 364.]

(No. 95–842—Submitted September 23, 1997—Decided December 3, 1997.)

*Green, Haines, Sgambati, Murphy & Macala Co., L.P.A., Ronald E. Slipski* and *Steven L. Paulson,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Cheryl J. Nester,* Assistant Attorney General, for appellee.

***Per Curiam.*** R.C. 4123.56(B) reads:

"Where an employee in a claim allowed under this chapter suffers a wage loss as a result of returning to employment other than his former position of employment or as a result of being unable to find employment consistent with the claimant's physical capabilities, he shall receive compensation at sixty-six and

two-thirds per cent of his weekly wage loss not to exceed the statewide average weekly wage for a period not to exceed two hundred weeks."

Ohio Adm.Code 4121–3–32(D) additionally provides:

"In injury claims in which the date of injury * * * is on or after August 22, 1986, the payment of compensation [for] wage loss pursuant to division (B) of Section 4123.56 of the Revised Code shall commence upon application with a finding of any of the following:

"(1) The employee, as a direct result of the allowed conditions in the claim, returns to employment other than his former position of employment and suffers a wage loss.

"(2) The employee returns to his former position but suffers a wage loss.

"(3) The employee, as a direct result of the allowed conditions in the claim, is unable to find work consistent with the employee's physical capabilities and suffers a wage loss."

Claimant seeks compensation under subsection (D)(1), although the period over which he seeks compensation, given his later more lucrative employment with Tri–County Masonry Construction, Inc., is unclear. Claimant asks us either to award wage-loss compensation or return the cause for further consideration. The commission wants its order upheld as is. Our review supports the commission's position.

Claimant's request for wage loss rests on his assertion that his injury removed him from his former position of employment. Notwithstanding Dr. Mikolich's full release of claimant to return to his prior duties, claimant proposes that "but for" his injury, he would not have missed the four years of work that left his continued employment subject to managerial prerogative. The court of appeals, however, found this perceived causal link to be too tenuous, holding that "the meaning of 'direct result,' as contemplated by R.C. 4123.56 and Ohio Adm.Code 4121–3–32, does not go so far as to extend to any result that may eventually occur down the line."

We agree. To permit a claimant whose injury has, for relevant purposes, resolved to nevertheless assert a causal relationship between the injury and an inability to return to the former position of employment sets a dangerous precedent. We, therefore, find that claimant's lower paying job at Jeswald's Auto & Truck Service was not related to the industrial injury.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.