[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 364.]

THE STATE EX REL. TULLIS, APPELLANT, *v.* CITY ASPHALT & PAVING COMPANY; INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Tullis v. City Asphalt & Paving Co.*, 1997-Ohio-110.]

*Workers' compensation—Industrial Commission's denial of wage-loss benefits not an abuse of discretion, when.*

(No. 95-842—Submitted September 23, 1997—Decided December 3, 1997.)

APPEAL from the Court of Appeals for Franklin County, No. 94APD03-387.

_____

{¶ 1} Appellant-claimant, Philip L. Tullis, injured his low back in 1988 while working for City Asphalt & Paving Company. After his workers' compensation claim was allowed, he began receiving temporary total disability compensation. Compensation was continued until April 1992, when claimant was released to return to his former position of employment by his attending physician, Dr. Lynn M. Mikolich. City Asphalt & Paving did not rehire him, and claimant sought work elsewhere.

{¶ 2} In May 1992, claimant began working full-time for Jeswald's Auto & Truck Service. Later that year, claimant apparently left that job for more lucrative work at Tri-County Masonry Construction, Inc.

{¶ 3} In September 1992, claimant moved appellee, Industrial Commission of Ohio, for wage-loss compensation pursuant to R.C. 4123.56(B). A district hearing officer denied compensation as follows:

"The District Hearing Officer finds and orders that there is insufficient reliable, proba[tive], and substantial medical proof establishing that claimant sustained a wage loss from 4/10/92 to date, due to the injury and allowed conditions in this claim.

"The District Hearing Officer notes claimant's attending physician, Dr. Mikolich's, M.D. C-84's on file indicating [that] claimant was released to return to work [on] 4/10/92 without any restrictions.

"Therefore, the District Hearing Officer finds and orders [that] claimant has failed to demonstrate that she [*sic*] has sustained a wage loss from 4/10/92 to date due to the injury in this claim.

"Accordingly, claimant's motion requesting wage loss from 4/10/92 to date is, therefore, denied in its entirety.

"The Hearing Officer, in making this finding, has taken the following evidence into consideration:  C-94A Wage loss application, Section 4123.56(B) O.R.C., pay stubs;

"*Dr. Mikolich, M.D.*: Claimant's physician's C-84's [indicate that] claimant could return to work 4/10/92 without restrictions.  Said request was read and noted."

**{¶ 4}** The order was administratively affirmed.

**{¶ 5}** Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission had abused its discretion in denying wage-loss benefits.  The court of appeals affirmed the commission's reasoning and denied the writ.

**{¶ 6}** This cause is now before the court upon an appeal as of right.

————————————

*Green, Haines, Sgambati, Murphy & Macala Co., L.P.A., Ronald E. Slipski* and *Steven L. Paulson*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Cheryl J. Nester*, Assistant Attorney General, for appellee.

————————————

2

*Per Curiam*.

{¶ 7} R.C. 4123.56(B) reads:

"Where an employee in a claim allowed under this chapter suffers a wage loss as a result of returning to employment other than his former position of employment or as a result of being unable to find employment consistent with the claimant's physical capabilities, he shall receive compensation at sixty-six and two-thirds per cent of his weekly wage loss not to exceed the statewide average weekly wage for a period not to exceed two hundred weeks."

{¶ 8} Ohio Adm.Code 4121-3-32(D) additionally provides:

"In injury claims in which the date of injury * * * is on or after August 22, 1986, the payment of compensation [for] wage loss pursuant to division (B) of Section 4123.56 of the Revised Code shall commence upon application with a finding of any of the following:

"(1) The employee, as a direct result of the allowed conditions in the claim, returns to employment other than his former position of employment and suffers a wage loss.

"(2) The employee returns to his former position but suffers a wage loss.

"(3) The employee, as a direct result of the allowed conditions in the claim, is unable to find work consistent with the employee's physical capabilities and suffers a wage loss."

{¶ 9} Claimant seeks compensation under subsection (D)(1), although the period over which he seeks compensation, given his later more lucrative employment with Tri-County Masonry Construction, Inc., is unclear. Claimant asks us either to award wage-loss compensation or return the cause for further consideration. The commission wants its order upheld as is. Our review supports the commission's position.

{¶ 10} Claimant's request for wage loss rests on his assertion that his injury removed him from his former position of employment. Notwithstanding Dr.

Mikolich's full release of claimant to return to his prior duties, claimant proposes that "but for" his injury, he would not have missed the four years of work that left his continued employment subject to managerial prerogative. The court of appeals, however, found this perceived causal link to be too tenuous, holding that "the meaning of 'direct result,' as contemplated by R.C. 4123.56 and Ohio Adm.Code 4121-3-32, does not go so far as to extend to any result that may eventually occur down the line."

{¶ 11} We agree. To permit a claimant whose injury has, for relevant purposes, resolved to nevertheless assert a causal relationship between the injury and an inability to return to the former position of employment sets a dangerous precedent. We, therefore, find that claimant's lower paying job at Jeswald's Auto & Truck Service was not related to the industrial injury.

{¶ 12} Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____